# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.                                                                                    No. CV 08-929 BB/LFG
                                                                                               CR 03-0777 BB

CALVIN SINKS,

      Defendant-Movant.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1.      On October 8, 2008, Movant Calvin Sinks ("Sinks') filed a handwritten, five-page, letter that the Court docketed as a motion under § 2255 to vacate, set aside, or correct sentence [Doc. 1.]

2.      It was impossible to determine from Sinks' October 8, 2008 letter what claims he intended to assert. Thus, on October 10, 2008, the Court entered an Order to Cure Deficiency [Doc. 3], noting that Sinks' "§ 2255 petition" was deficient in that it was not on a proper form and may not have included all of Sinks' claims. Sinks was given thirty days to file a form § 2255 motion, setting out his claims. The Court mailed Sink a form § 2255 motion with instructions on October 10, 2008. [Doc. 3; October 10, 2008 docket entry.]

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

3.     On November 6, 2008, Sinks filed a motion for extension of time to amend his earlier pleading. [Doc. 4.] Sinks claimed he needed additional time to file the § 2255 form motion because of vision problems, the need for a magnifier, and the need to spend more time in the prison's law library. [Doc. 4.]

4.     On November 7, 2008, the Court granted Sinks' request for an extension of time to submit his § 2255 petition but advised him that he "must fully and clearly state his claim for relief under § 2255, or his petition is subject to dismissal without prejudice." [Doc. 5.] The Court further recommended that Sinks use the forms that were sent to him by the Clerk of Court. Sinks was given until December 10, 2008 to amend his § 2255 motion. [Doc. 5.]

5.     On December 3, 2008, Sinks filed another request for extension. [Doc. 6.] In this request, Sinks argued that his detention facility went on lockdown on November 12, 2008 and that he did not know when the lockdown would end. He asserted that he did not have proper eyeglasses, could not get legal assistance at the detention facility, and was dealing with personal issues that had distracted him. [Doc. 6, 7.]

6.     On December 8, 2008, the Court granted Sinks' second request for an extension of time, allowing him until January 12, 2009 to file his amended § 2255 motion. [Doc. 7.] In its Order, the Court advised Sinks that an inmate is not entitled to legal assistance to prepare a § 2255 petition and that the Court did not find personal issues or a lack of eyeglasses sufficient grounds to grant the second request for extension. The Court also was not convinced that the lockdown prevented Sinks from submitting a proper § 2255 petition. Nonetheless, the Court allowed Sinks another thirty-day extension so that he could submit "a short, clear statement of the factual basis of his claims and grounds for requesting § 2255 relief." [Doc. 7, p. 2.] The Court further advised Sinks: "That is all

that is required; extensive study and legal research is not necessary." [Doc. 7, p. 2.] The Court also warned Sinks that if he did not provide the Court with a clear and concise statement of his habeas claims by January 12, 2009, the petition was subject to dismissal without prejudice under Rule 41(b). [Doc. 7, p. 2.] Finally, the Order stated that no additional extensions would be granted. [Doc. 7, p. 3.]

7. Sinks did not submit the § 2255 motion by January 12, 2009. Instead, on January 8, 2009, Sinks sent a handwritten, 2½ page letter to the undersigned Chief Magistrate Judge, stating that he no longer had his magnifier to assist him in reading and that the prison lockdown prevented him from access to the law library. Sinks stated that he had "to have the magnifier to be able to read all of my documents to be able to get every claim in my 2255, because there is [sic] so many that needs [sic] to be raised." [Doc. 8, letter.] Sinks' letter does not expressly request another extension but states that he is waiting for his magnifier and when he receives it, he will send this Court a "letterhead from the Federal Bureau of Prison . . . ." [Doc. 8, p. 2.] Sinks asks the Court to take these issues into consideration. [Doc. 8, p. 3.]

8. The Court already determined that no additional extensions would be granted for Sinks to submit the § 2255 motion. In addition, the Court advised Sinks that all he needed to submit was the form motion already provided to him with a "short, clear statement of the factual basis of his claims and grounds for requesting § 2255 relief." The Court further explained that extensive study or legal research was not required before submitting the § 2255 motion. [Doc. 7.] In addition, the Court previously informed Sinks that lack of eyeglasses was not a sufficient ground for granting an extension of time to submit his § 2255 motion. Finally, the Court expressly warned Sinks that failure to meet the January 12, 2009 deadline, which now has passed, could result in the dismissal

3

of his "petition," without prejudice under Rule 41(b).  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007).  [Doc. 7, p. 2.]

9. The Court again states that it has liberally construed Sinks' *pro se* pleadings in accordance with Haines v. Kerner, 404 U.S. 519, 520 (1971), *reh'g denied*, 405 U.S. 948 (1972). Even in so doing, however, neither Sinks' initial letter nor his subsequent letters clearly state the claims he wishes to bring.  "Despite the liberal construction afforded *pro se* pleadings, the court will not construct arguments or theories for the plaintiff. . . ."  Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991).

10. Because Sinks failed to set forth a short, clear statement of the factual basis of his claims and grounds for requesting relief under § 2255 and because the time for doing so has elapsed, the Court recommends that Sinks' § 2255 pleadings, letters, or motions be denied, and this matter be dismissed, without prejudice.

### Recommended Disposition

That Sinks' letter, dated October 8, 2008, that was docketed as a § 2255 motion [Doc. 1], be denied and that this matter be dismissed, without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge